**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | |
| **GARRETT M. RUSHING** | **NO. 08-95-D-M2** |

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days from the date of service of this Notice to file written objections to the proposed findings of fact and conclusions of law set forth in the Magistrate Judge's Report. The failure of a party to file written objections to the proposed findings, conclusions, and recommendation contained in a Magistrate Judge's Report and Recommendation within 14 days after being served with a copy of the Report shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge that have been accepted by the District Court.

Signed in chambers in Baton Rouge, Louisiana, January 27, 2011.

**MAGISTRATE JUDGE CHRISTINE NOLAND**

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | |
| GARRETT M. RUSHING | NO. 08-95-D-M2 |

## MAGISTRATE'S REPORT AND RECOMMENDATION

This matter is before the Court on the Motion Under 28 U.S.C. §2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (R. Doc. 60) filed by petitioner, Garrett M. Rushing ("Rushing" or "petitioner"). The United States of America ("United States") has filed an opposition (R. Doc. 65) to Rushing's motion.

## FACTS & PROCEDURAL BACKGROUND

On July 17, 2008, Rushing was charged by a four (4) count indictment with firearm and drug trafficking violations, which occurred on or about January 1, 2007. Count One of the indictment charged him with conspiring to knowingly and intentionally distribute and to possess with the intent to distribute a quantity of methamphetamine. Count Two charged him with possession of a firearm as a convicted felon. Count Three charged him with possession with the intent to distribute a quantity of methamphetamine, and Count Four charged him with using and carrying a firearm during and in relation to a drug trafficking crime, all of which are in violation of 21 U.S.C. §§846 and 841(a)(1), 18 U.S.C. §922(g)(1), and §924(c)(1)(A) and 2.

On October 2, 2008, Michael A. Fiser was appointed to represent Rushing. Rushing entered into a plea agreement with the United States on November 20, 2008, wherein he pled guilty to Counts Three and Four of the indictment. The United States filed a motion

1

to dismiss Counts One and Two of the indictment on August 14, 2009, which the Court granted.[1] [2]

On May 26, 2009, a presentence investigation report ("PSR") was published. In that report, U.S. Probation Officer Jessica Gill attributed approximately fifteen ounces (425.25 grams) of methamphetamine to petitioner and estimated the petitioner's total offense level to be 27 for the drug trafficking violation. Rushing's criminal history category was estimated to be VI. As to Count Three (the drug trafficking charge), the total guideline imprisonment range was 130 to 162 months. Additionally, since the defendant brandished a firearm during the drug trafficking crime, the probation officer found that the statutory penalty for that violation was a consecutive term of imprisonment of not less than 84 months. Thus, the total guidelines sentencing range for Counts Three and Four was estimated to be 214 months (130 + 84) to 246 months (162 + 84).

Rushing objected to the amount of methamphetamine attributed to him in the PSR, arguing that he should be held accountable for four ounces (113.4 grams), instead of fifteen ounces (425.25 grams). The Court sustained his objection and reduced his total offense level from 27 to 23. The guideline imprisonment range for Count Three was therefore reduced to a range of 92 to 115 months, considering petitioner's criminal history category

---

[1] Under the terms of the plea agreement, Rushing waived his right to appeal any sentence imposed within the sentencing guidelines range, reserving his right to appeal any upward departure or any upward variant sentence.

[2] The facts underlying the crimes to which petitioner pled guilty are as follows. On or about January 1, 2007, petitioner and Blake D. Mixon agreed to rob Victoria Layfield at gunpoint. Prior to that date, Layfield had been supplying Mixon with methamphetamine to distribute to others. Petitioner and Mixon entered Layfield's home, and while petitioner was armed with a Glock .40 caliber semiautomatic pistol, he robbed Layfield and another individual identified as "T.C." Mixon and petitioner took cash and amounts of methamphetamine. During the course of the robbery, petitioner pistol-whipped "T.C." in the face, resulting in extensive injury to that individual's face. Subsequent to that robbery, Mixon and petitioner distributed to others the amount of methamphetamine that they had stolen from Layfield.

2

of VI. In light of the mandatory consecutive minimum term of imprisonment for Count Four, petitioner's total guideline imprisonment range for Counts Three and Four was 176 months (92 + 84) to 199 months (115 + 84). On August 19, 2009, after considering the United States Sentencing Guidelines and the sentencing factors set forth in 18 U.S.C. §3553(a), the Court imposed an upward variant sentence of a term of 135 months on Count Three, followed by a consecutive sentence of 72 months on Count Four, for a total of 207 months.[3]

At the sentencing hearing, the Court explained that the above sentence constituted an upward variance from the guideline provision, which was imposed based upon Rushing's "extreme, violent criminal history." The Court noted that, at the time of sentencing, Rushing was twenty-nine (29) years old, had been convicted of six (6) or seven (7) crimes, and had been arrested twenty-five (25) times since the age of sixteen (16). The Court further explained that the facts of the crime in question had "very, very violent" consequences and activity, including pistol-whipping a person during the course of a robbery which resulted in the victim having to be hospitalized. Additionally, the Court found there were aggravating circumstances in the case that were not taken into consideration by the guidelines, which contributed to the upward variance, in that Rushing had purchased methamphetamine from a source of supply that he had not identified. The Court also noted that, following the initial robbery referenced above, Rushing went to another female's home and committed a robbery while in the possession of a firearm. Finally, along with all of the above factors, the Court found that an upward variant sentence was warranted by the fact

---

[3] It was also recommended that Rushing receive substance abuse and mental health treatment. It was further ordered that, upon release from imprisonment, Rushing be placed on supervised release for a term of three (3) years. A special assessment of $200 was also imposed by the Court.

that, following the above offenses, Rushing fled to Wyoming.  According to the Court, the sentence imposed was necessary to protect society and to send a message that such activity will not be tolerated.

With the assistance of appellate counsel, Gwendolyn K. Brown, Rushing appealed the variant sentence to the U.S. Fifth Circuit Court of Appeals on August 21, 2009, and the Fifth Circuit affirmed same on June 9, 2010.  In his appeal, Rushing challenged the district court's reasons for his sentence.  Since he did not object on that basis in the district court, the Fifth Circuit reviewed the issue for plain error.  The Fifth Circuit noted that, in his appeal, Rushing confused the upward variance imposed by this Court with an upward departure under U.S.S.G. §4A1.3.  Rushing asserted that this Court's explanation for his sentence was insufficient because it did not show that the Court applied the procedure required by § 4A1.3(a)(4)(B) and because the Court relied upon his arrest record in violation of § 4A1.3(a)(3).  The Fifth Circuit, however, distinguished between an "upward departure" allowed under the guidelines and a non-guidelines sentence, or "variance," that is outside of the guidelines range.  It noted that this Court stated that it was imposing an "upward variance," and as a result, this Court was permitted to rely upon Rushing's arrest record, supported by additional evidence of criminal conduct in imposing the above-guidelines sentence.  The Fifth Circuit pointed out that the provisions of § 4A1.3 did not apply and that this Court did not err in failing to show that it complied with those provisions.

In his appeal, Rushing also argued that this Court's reasons for sentencing were not factually specific or detailed enough to allow review by the Fifth Circuit.  The Fifth Circuit, however, explained that this Court provided a "lengthy explanation" for the upward

4

variance that included fact-specific reasons and found no error, plain or otherwise, on the part of this Court in that regard.[4]

On September 8, 2010, Rushing filed the present motion to vacate his sentence, wherein he asserts that both his trial counsel and his appellate counsel were ineffective, and he was therefore deprived of his Sixth Amendment right to counsel.[5] Specifically, he argues that his trial counsel was ineffective in failing to object to certain findings made by the district judge concerning conduct used to support the upward variant sentence, including: (a) petitioner's involvement in a separate robbery committed on the night of the offense in question; (b) petitioner's alleged flight to Wyoming after the offense in question; and (c) petitioner's alleged failure to provide officials with the source of the methamphetamine purchased. Rushing also contends that his trial counsel was ineffective in three (3) other respects: (1) in failing to object that the correct statutory penalty for Count Four was a consecutive mandatory minimum term of imprisonment of not less than five (5) years, instead of a term of not less than seven (7) years; and (2) in failing to object to the probation officer's decision to count separately two of his prior sentences that had been imposed upon him on the same day in the 21st Judicial District Court, Parish of Livingston, which were used to calculate his criminal history points and category.

---

[4] In his appeal, Rushing also argued that this Court erred by relying upon elements of the offense to impose the above-guidelines sentence and that the consecutive sentences imposed by the Court were disproportionate to his offenses. The Fifth Circuit found, however, that Rushing's appellate brief failed to offer any legal support for those arguments.

[5] While, in his plea agreement, Rushing waived his right to assert other claims on appeal and through a §2255 motion to vacate sentence, he did not waive his right to assert claims of ineffective assistance of counsel.

As to his appellate counsel, Rushing contends that she was ineffective: (1) in failing to seek appellate "plain error" review of issues that were not objected to and preserved in the district court during sentencing; (2) by incorrectly arguing that the sentence imposed by this Court was an "upward departure" allowed under the guidelines, as opposed to a non-guidelines sentence, or a "variance," that is outside of guidelines range; and (3) in failing to provide jurisprudential and evidentiary support for arguments contained in his appellate brief.

## **LAW & ANALYSIS**

To prove ineffective assistance of counsel, Rushing must meet the two-pronged burden of proof set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984):

(1)  that his counsel's performance was "deficient", *i.e.*, that counsel made errors so serious that he was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment; and

(2)  that the deficient performance "prejudiced" his defense, *i.e.*, that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial where the result is reliable.

*Strickland*, 104 S.Ct. at 2064.[6]

---

[6] To satisfy the deficiency prong of the Strickland standard, the petitioner must demonstrate that his counsel's representation fell below an objective standard of reasonableness as measured by prevailing professional standards. (See Martin v. McCotter, 796 F.2d 813, 816 (5th Cir. 1986), cert. denied, 479 U.S. 1057, 107 S.Ct. 935, 93 L.Ed.2d 985 (1987)). The reviewing court must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional competence and that, under the circumstances, the challenged action might be considered sound trial strategy. (See Bridge v. Lynaugh, 838 F.2d 770, 773 (5th Cir. 1988)). The court, therefore, must make every effort to eliminate the distorting effects of hindsight and to evaluate the conduct from counsel's perspective at the time of trial. Martin, 796 F.2d at 817. Great deference is given to counsel's exercise of his professional judgment. Bridge, 838 F.2d at 773; Martin, 796 F.2d at 816. Mere error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error has no effect on the judgment. Strickland, 104 S. Ct. at 2066.

**I.     Trial counsel:**

**(A)     Failure to object to allegedly erroneous facts relied upon by sentencing judge in imposing upward variant sentence:**

As discussed above, Rushing first argues that his trial counsel was ineffective because he failed to object to the district judge's reliance upon several erroneous facts in support of the decision to impose an upward variant sentence, including: (a) petitioner's involvement in a separate robbery committed on the night of the offense in question; (b) petitioner's alleged flight to Wyoming after the offense in question; and (c) petitioner's alleged failure to provide officials with the source of the methamphetamine purchased. Concerning the first alleged erroneous fact, such fact is derived directly from the PSR, which states the following in ¶13:

> D.O. reported to investigators that on the same morning that Mixon and Rushing robbed Layfield, they (Mixon and Rushing) arrived at her apartment. Both Rushing and Mixon were dressed in black and holding masks. When they entered her apartment, she saw that Mixon had a black handgun with a long magazine. Rushing told her he thought she had taken some money from him while he was passed out at Layfield's residence. Rushing proceeded to search her apartment for the money. D.O. reported that while Rushing was searching the apartment, Mixon took $1,000.00 from her purse. After Rushing finished searching her apartment, Mixon and Rushing left.

---

If the petitioner satisfies the first prong of the Strickland test, his petition nonetheless must affirmatively demonstrate prejudice from the alleged errors. Earvin v. Lynaugh, 860 F.2d 623, 627 (5th Cir. 1988). To satisfy the prejudice prong of the Strickland test, it is not sufficient for the petitioner to show that the alleged errors had some conceivable effect on the outcome of the proceeding. Strickland, 104 S. Ct. at 2067. To prove prejudice, the petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland,104 S.Ct. at 2068. A "reasonable probability" is a probability sufficient to undermine confidence in the outcome of the proceeding. Id. The habeas petitioner need not show that his counsel's alleged errors "more likely than not" altered the outcome of the case; he must instead show a probability that the errors are "sufficient to undermine confidence in the outcome." Martin, 796 F.2d at 816-17.

7

*See*, PSR, p. 6.

If there is factual information presented to the sentencing judge through a PSR with which a defendant takes issue, he or she bears the burden of demonstrating that "the information cannot be relied upon because it is materially untrue, inaccurate or unreliable." *U.S. v. Rodriguez*, 602 F.3d 346, 363 (5th Cir. 2010). Even if a defendant presents written objections to the PSR, those objections are *not* evidence sufficient to carry the defendant's burden of proof - they are merely "unsworn assertions." *Id.* Rushing has never presented any testimony or other competent evidence to the Court rebutting the information contained in ¶13 of the PSR or suggesting that "D.O." had any motive to provide untruthful information about the above events. As such, the sentencing judge was "free to adopt the PSR's findings without further inquiry or explanation." Moreover, because Rushing has not presented any evidence indicating that the facts contained in ¶13 are "materially untrue, inaccurate or unreliable," there was no valid basis for his counsel to object to the facts contained in that paragraph, and his counsel therefore did not act deficiently in failing to do so.

As to the second alleged erroneous fact, the United States has conceded that there is no evidence supporting that fact in the PSR or in the factual basis underlying Rushing's pleas of guilty. Nevertheless, the PSR, at ¶48, does reference the fact that Rushing's probation for a conviction for illegal possession of stolen things in the 19th Judicial District Court, Parish of East Baton Rouge, was revoked on February 9, 2009, and the United States has submitted evidence, with its opposition to Rushing's present motion, that such probation revocation was a result of Rushing having gone to Wyoming without obtaining prior permission from his probation office. *See*, Attachment A to the United States'

opposition. Rushing admitted to such probation violation on February 23, 2009. *Id.* Although the undersigned does not have any information as to whether or not petitioner's flight to Wyoming was immediately after the offenses in question, the fact that he went to Wyoming in violation of his probation relative to a state offense is not "materially untrue" and could serve as yet another aggravating circumstance supporting his upward variant sentence. As such, Rushing's counsel's failure to object to such fact at sentencing was not deficient. Furthermore, even if Rushing's counsel was deficient for failing to ask for a clarification as to the sentencing judge's source of that information, the undersigned finds that Rushing was not prejudiced by such failure, as discussed below.

Relative to the third allegedly erroneous fact identified by Rushing (*i.e.*, that he failed to identify the source for the methamphetamine he had distributed), he has correctly cited the factual basis set forth in the plea agreement, which indicates that he obtained the methamphetamine from Layfield. Thus, his counsel could be said to have acted deficiently in having failed to object to the sentencing judge's reliance upon that erroneous fact as a basis for the upward variant sentence. Nevertheless, the sentencing judge's reliance upon the second and third facts mentioned above was not prejudicial to Rushing. The undersigned agrees with the United States that the sentencing judge relied upon "other more serious conduct" by Rushing, which supported the upward variant sentence regardless of whether the second and third facts discussed above were erroneous and are disregarded. That "more serious conduct" included Rushing's "extreme, violent criminal history," such as the fact that, at the age of twenty-nine (29) years, he had been convicted of six (6) or seven (7) crimes and had been arrested twenty-five (25) times since the age of sixteen (16); the fact that the crime in question had "very, very violent" consequences

and activity, including pistol-whipping a person during the course of a robbery which resulted in the victim having to be hospitalized; and that, following the offense at issue, Rushing went to another female's home and committed a robbery while in the possession of a firearm.[7] Considering those strong, substantive facts in support of the sentencing judge's decision to impose an upward variance, the undersigned cannot find that defense counsel's failure to object to and/or ask for a clarification of two more minor factors that the sentencing judge relied upon in imposing sentence prejudiced Rushing. Put another way, the undersigned cannot find that defense counsel's failure to object to those more minor erroneous or unclear facts undermined confidence in the outcome of Rushing's sentencing proceeding. Even if those facts had been omitted from the sentencing judge's consideration, the same upward variant sentence (which was not a particularly lengthy variance – eight (8) months) could have been imposed.

**(B)** **Failure to object to district court's finding that the firearm related §924(c) violation carried a mandatory consecutive imprisonment term of 7 years:**

In this claim, Rushing contends that, since his indictment did not charge him with "brandishing" a firearm, his counsel was ineffective in failing to object to the district court's finding that his mandatory minimum imprisonment term on the firearm charge was seven (7) years for the §924(c)(1) violation, rather than five (5) years. Pursuant to 18 U.S.C. §924(c)(1)(A)(i), the maximum penalty for carrying a firearm during and in relation to a drug

---

[7] The United States, in its opposition, references other serious conduct that supports petitioner's upward variant sentence that was in the PSR and reviewed by the sentencing judge prior to imposing sentence, including the fact that three (3) of his twenty-five (25) arrests were drug-related; that he had a conviction for second degree battery; that he had a MySpace Web page, in which he was depicted holding what appeared to be lysergic acid diethylamide (L.S.D.)(PSR ¶19); and that there had been a number of occasions when the defendant, a convicted felon, not only possessed but also discharged firearms. *See*, United States' opposition, R. Doc. 65, p. 13.

trafficking crime is imprisonment for "not less than five (5) years and not more than life imprisonment."  If a firearm is "brandished" during the crime, then the mandatory minimum sentence increases to seven (7) years.  18 U.S.C. §924(c)(1)(A)(ii).  It has been expressly held, based upon the U.S. Supreme Court's decision in *Harris v. United States*, 536 U.S. 545, 122 S.Ct. 2406, 153 L.Ed.2d 254 (2002), that whether a firearm was "brandished" for purposes of the statutory mandatory minimum in §924(c)(1)(A)(ii) is a sentencing factor to be determined by the judge and is not an element of the offense that must be charged in the indictment, submitted to a jury, and proved beyond a reasonable doubt.  *U.S. v. Godbolt*, 2010 WL 785998, **1 (11th Cir. 2010), citing *Harris*, at 2414.  Furthermore, nothing in *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), requires a jury to determine factors that trigger a statutory minimum sentence.  *Id.*  Accordingly, Rushing's counsel did not act deficiently in failing to raise the objection discussed in this claim, and the claim should be denied.

**(C)** **Failure to object to probation officer's decision to count separately two of his prior sentences, which had been imposed upon him on the same day, for felonies that had occurred on different dates:**

The sentences in question relate to Rushing's arrest on May 6, 1999 for theft; his arrest for simply burglary on July 7, 1999; and his arrest for conspiracy to escape on September 14, 1999.[8]  Rushing was charged for each of those arrests in different charging documents in the 21st Judicial District Court, Livingston Parish, State of Louisiana, and he was sentenced on each charge on the same day to serve two (2) years on the theft charge and two (2) years on the simple burglary charge, with those sentences to run concurrently

---

[8] *See*, PSR ¶¶43, 45, and 46.

to one another, and to one (1) year on the conspiracy to escape charge, with that sentence to run consecutively to his other sentences.

In his PSR relative to the present case, the probation officer assigned three (3) criminal history points for the theft conviction; three (3) points for the burglary conviction; and two (2) points for the conspiracy to escape conviction.  Considering all of Rushing's other convictions and his state probationary status when he committed the offenses in question in the present case, the probation officer calculated his total criminal history points to be thirteen (13), which, according to the sentencing table at U.S.S.G. Chapter 5, Part A, established a criminal history category of VI.[9]  Rushing contends that the concurrent sentences he received for burglary and theft should have been counted as one (1) sentence, for a total of only three (3) criminal history points, instead of six (6) points.

Since November 1, 2007, pursuant to U.S.S.G. §4A1.2(a)(2), "[p]rior sentences always are counted separately if the sentences were imposed for offenses that were separated by an intervening arrest (*i.e.*, the defendant is arrested for the first offense prior to committing the second offense)."  *U.S. v. Underwood*, 2010 WL 2403327 (3rd Cir. 2010), citing U.S.S.G. §4A1.2(a)(2).  Because Rushing was arrested for each of the three (3) crimes in question prior to committing the subsequent crime, each of the offenses in question was separated by an intervening arrest and, under U.S.S.G. §4A1.2(a)(2), could be counted separately for purposes of determining his criminal history points and category. Accordingly, Rushing's counsel did not act deficiently in failing to object on the basis Rushing asserts in this claim, and the claim should therefore be denied.

---

[9] *See,* PSR ¶¶ 49-51.

**II.    Appellate counsel:**

In reviewing a claim alleging ineffective assistance of appellate counsel, the same *Strickland* standard discussed above relating to trial counsel is applicable to appellate counsel. *Ries v. Quarterman*, 522 F.3d 521 (5th Cir. 2004). "[Appellate] counsel need not raise every nonfrivolous ground of appeal, but should instead present solid, meritorious arguments based upon directly controlling precedent." *Id.* When a claim of ineffective assistance of counsel is premised upon counsel's failure to raise an issue on appeal, the *Strickland* prejudice prong requires a showing that the Court of Appeals would have afforded relief on the issue; thus, the court must counter-factually determine the probable outcome on appeal had counsel raised the issue. *U.S. v. Reinhart*, 357 F.3d 521 (5th Cir. 2004).

The Fifth Circuit Court of Appeals has held that, "[w]hen a defendant fails to raise a procedural objection below, appellate review is for plain error only." *U.S. v. Mondragon-Santiago*, 564 F.3d 357 (5th Cir. 2009), citing *United States v. Lopez-Velasquez*, 526 F.3d 804, 806 (5th Cir.), *cert. denied*, – U.S. –, 129 S.Ct. 625, 172 L.Ed.2d 617 (2008); *See also, United States v. Peltier*, 505 F.3d 389, 391-94 (5th Cir. 2007), *cert. denied*, – U.S. –, 128 S.Ct. 2959, 171 L.Ed.2d 892 (2008)(applying plain error standard to claims of substantive and procedural unreasonableness when defendant failed to object to his sentence); *U.S. v. Villegas*, 404 F.3d 355 (5th Cir. 2005)(where defendant did not raise his legal objection to the imposition of a four-level enhancement to his sentence at the district court level, the court of appeals reviewed the sentence for plain error). The Fifth Circuit has held that it can reverse for plain error only when the trial court: (1) commits an error; (2) that was plain, clear and obvious; and (3) affects the defendant's substantial rights. *U.S. v. Bueno*, 585

13

F.3d 847, 849 (5th Cir. 2009), citing *Villegas*, at 358. Additionally, if those three (3) factors are found, the Fifth Circuit will reverse only if "the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.*

None of Rushing's contentions of ineffective assistance of appellate counsel have merit. As discussed above, he contends that his appellate counsel was ineffective for failing to seek appellate "plain error" review of issues that were not objected to and preserved in the district court during sentencing. Although his appellate counsel may have mislabeled his upward variant sentence as an upward departure, she nevertheless specifically challenged the sentencing judge's reasons for imposing the variant sentence, and the Fifth Circuit expressly indicated that it reviewed the sentence for plain error, including the "lengthy explanation" and fact-specific reasons that the sentencing judge provided in imposing the upward variant sentence and found "no error, plain or otherwise." Under the circumstances, even assuming Rushing's counsel made some error in mislabeling his sentence as an upward departure or in failing to set forth sufficient legal support for some of his other arguments, the undersigned finds that Rushing was not prejudiced because he received the "plain error" review of his sentence that he seeks, regardless of his counsel's alleged errors.

Furthermore, even if Rushing's appellate counsel had raised on appeal the specific issues he contends that his trial counsel should have asserted at sentencing (such as the allegedly erroneous facts upon which the sentencing judge relied and the reliance upon information concerning the violent nature and circumstances of the offense in question and the criminal history and characteristics of the defendant), the undersigned finds that the Fifth Circuit still would have upheld his upward variant sentence under either the abuse of

14

discretion or the plain error standards of review.[10] Thus, Rushing cannot demonstrate that he was prejudiced by any deficient performance of his appellate counsel. As mentioned above, even if two of the facts relied upon by the sentencing judge needed to be clarified and/or were possibly incorrect, those were not the strongest factors supporting Rushing's upward variant sentence, and such sentence was nevertheless sufficiently supported by

---

[10] In *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), the U.S. Supreme Court invalidated the statutory provision that made the Sentencing Guidelines mandatory, 18 U.S.C. §3553(b)(1), as well as §3742, which directed appellate courts to apply a *de novo* standard of review to departures from the guidelines. *Gall v. U.S.*, 552 U.S. 38, 46, 128 S.Ct. 586 (207). As a result of that decision, the guidelines are now advisory, and appellate review of sentencing decisions is limited to determining whether they are "reasonable." *Id.* The U.S. Supreme Court also held that a district judge must give serious consideration to the extent of any departure from the guidelines and must explain his conclusion that "an unusually lenient or an unusually harsh sentence is appropriate in a particular case with sufficient justifications. *Id.* "Extraordinary circumstances," however, are not required to justify a sentence outside the guidelines range. *Id.* A district court should begin its all sentencing proceedings by correctly calculating the applicable guidelines range. *Id.*, at 49. The guidelines are only the initial benchmark, however, and after giving both parties an opportunity to argue for whatever sentence they deem appropriate, the district court should then consider all of the §3553(a) factors to determine whether they support the sentence requested by a party. *Id.*, at 49-50. If the district court determines that an outside-guidelines sentence is justified, it must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance. *Id.*, at 50. A major departure should be supported by a more significant justification than a minor one. *Id.* After settling on the appropriate sentence, the district court must adequately explain the chosen sentence to allow for meaningful appellate review and to promote the perception of fair sentencing. *Id.*

Regardless of whether the sentence imposed is within or outside the guidelines range, the appellate court must review the sentence under an abuse of discretion standard. *Id.*, at 51. It must first ensure that the district court committed no "significant procedural error," such as failing to calculate (or improperly calculating) the guidelines range, treating the guidelines as mandatory, failing to consider the §3553(a) factors, selecting a sentence based upon clearly erroneous facts, or failing to adequately explain the chosen sentence. *Id.* Assuming that the district court's sentencing decision is procedurally sound, the appellate court should then consider the substantive reasonableness of the sentence imposed under an abuse of discretion standard. When conducting that review, the appellate court will take into account the totality of the circumstances, including the extent of any variance from the guidelines range. *Id.* If the sentence imposed is outside the guidelines range, the court may not apply a presumption of reasonableness. It may consider the extent of the deviation, but must give due deference to the district court's consideration that the Section 3553(a) factors, on a whole, justify the extent of the variance. *Id.* The fact that the appellate court might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court. *Id.* Finally, the U.S. Supreme Court has recognized that the "sentencing judge is in a superior position to find facts and judge their import under §3553(a) in the individual case. The judge sees and hears the evidence, makes credibility determinations, has full knowledge of the facts and gains insights not conveyed by the record." *Id.*, at 52.

other, more significant facts. Accordingly, it does not appear that there were any "significant procedural errors" relative to the district judge's sentencing decision.

Additionally, the sentencing judge was fully entitled to consider, in determining the sentence to be imposed, the violent nature and circumstances of the offense in question as well as the criminal history and characteristics of the defendant pursuant to 18 U.S.S.G. §3553. In rendering the upward variant sentence, the sentencing judge also properly considered and articulated that such sentence was being imposed to reflect the seriousness of the offense, to afford adequate deterrence of further criminal conduct, and to protect the public from further crimes of the defendant, all in accordance with 18 U.S.S.G. §3553.[11]. Considering the factors specifically discussed by the sentencing judge as support for the upward variant sentence, the undersigned agrees with the United States that no matter how appellate counsel would have framed petitioner's arguments concerning the alleged excessiveness of his sentence, the Fifth Circuit would have concluded that the minor upward variance of eight (8) months beyond the guidelines range was justified by those factors and that Rushing's sentence was "substantively reasonable" and should be

---

[11] Section 3553(a) lists seven (7) factors that a sentencing court must consider. The first factor is a broad command to consider "the nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. §3553(a)(1). The second factor requires the consideration of the general purposes of sentencing, including: the need for the sentence imposed - (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. §3553(a)(2). The third factor pertains to "the kinds of sentences available," §3553(a)(3); the fourth to the Sentencing Guidelines; the fifth to any relevant policy statement issued by the Sentencing Commission; the sixth to "the need to avoid unwarranted sentence disparities," §3553(a)(6); and the seventh to "the need to provide restitution to any victim," §3553(a)(7). Preceding this list is a general directive to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes" of sentencing described in the second factor. §3553(a).

upheld. Accordingly, Rushing's motion to vacate, set aside, or correct sentence should be denied in its entirety.[12]

## **RECOMMENDATION**

For the above reasons, it is recommended that the Motion Under 28 U.S.C. §2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (R. Doc. 60) filed by petitioner, Garrett M. Rushing, should be **DENIED**.

Signed in chambers in Baton Rouge, Louisiana, January 27, 2011.

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　
**MAGISTRATE JUDGE CHRISTINE NOLAND**

---

[12] An evidentiary hearing is not necessary relative to Rushing's motion because he has "failed to allege facts which, if proved, would admit of relief." *U.S. v. Fields*, 565 F.3d 290, 298 (5th Cir. 2009).